LAZARE POTTER GLAZER & MOYLE LLP
Michael T. Conway, Esq.
747 Third Avenue, 16th Floor
New York, NY 10017
Telephone: (917) 242-1597
mconway@lpgmlaw.com

*Counsel for Eela Dubey*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EELA DUBEY, | Case No. 26-3389 |
| *Plaintiff*, | **COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| v. | |
| DHANANJAYSINH CHUDASAMA, | |
| *Defendant*. | |

Plaintiff, Eela Dubey ("Dubey"), by and through her undersigned counsel, for her Complaint against Defendant, Dhananjaysinh Chudasama ("Chudasama"), alleges as follows:

## PRELIMINARY STATEMENT

1. Both Dubey and Chudasama support individuals to procure residence by investment globally so that they may gain the right to live, study, work and receive healthcare in their new country of residence – Dubey through a company she owns a small share of, Disrupt Consulting Pvt. Ltd. ("Disrupt") and Chudasama through his company, DJ Immigration Consulting Private Limited ("DJ"); they are also competitors in this space globally, but also in the

1

United States.

2.    Indeed, for approximately four years, Chudasama served as Chief Executive Officer ("CEO") of Disrupt, until he resigned after it was discovered he set up DJ and was siphoning off clients and serving them independently through DJ. Chudasama conceded he took eight clients from Disrupt, but after efforts to negotiate compensation to Disrupt for loss of business and client data theft bogged down, Chudasama preemptively filed an action before the NCLT Ahmedabad (the "Indian Litigation").

3.    This case not only involves a classic act of defamation *per se*, but, on information and belief, Chudasama compounded the harm by impersonating the Indian court in an email (the "February 20, 2026 Email") he sent to investors in a separate company owned by Dubey, Helena Edtech Private Limited ("Helena").

4.    On information and belief, apparently in an effort to strengthen his position in the Indian Litigation, Chudasama sent the February 20, 2026 Email to the Helena investors advising them that Dubey was accused of "oppression and mismanagement" and they should closely monitor the progress and outcome of the Indian Litigation, "as they pertain to the company in which [the Helena investors] have invested and to the financial statements on the basis of which [the Helena investors] investment decision was made, which are alleged to have been significantly manipulated and inflated."

5.    Upon receiving the February 20, 2026 Email many of the Helena investors reached out with concerns that Dubey was being accused by the court of manipulating and inflating the

financial statements of Helena as suggested by what purported to be the Indian court.

6.      Of course, the Indian court did not send the February 20, 2026 Email, Chudasama did, and he sent it specifically to the Helena investors in an attempt to tarnish Dubey's reputation in the industry, but also to sabotage the business of a competitor.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction under 28 U.S.C. § 1332(a).

8.      Venue is proper here pursuant to 28 U.S.C. § 1391(b)(3).

## PARTIES

9.      Dubey is an individual who resides in Broome County, New York.

10.     Defendant Chudasama is an individual who resides in Ahmedabad, Gujarat, India.

## FACTS

### A.  The Indian Litigation

11.     Disrupt was founded and solely funded in 2020 by Arindam Sengupta ("Sengupta"). Given that Sengupta and Chudasama had previously worked together and shared a long-standing professional relationship and understanding, Chudasama was proposed to be a 25% shareholder, CEO of the business and a director.

12.     However, because his DIN (special directorship number) was disqualified by the Registrar of Companies, Ministry of Corporate Affairs, India, he could not be appointed as Director so, in good faith, the Company instead appointed his wife, Yogeshwari Chudasama, as a Director.

3

13.    For the next 4 years, Chudasama functioned as CEO and the relationship between the parties remained cordial until November 2024 when the management of Disrupt discovered that Chudasama had siphoned off eight of its clients and was servicing them independently through DJ.

14.    Upon further investigation, it was revealed that Chudasama had incorporated DJ in January 2025 and had purchased a domain name even prior to this.

15.    Moreover, in a clear breach of her fiduciary to Disrupt, Yogeshwari Chudasama also served as a Director in this competing entity without any disclosure to Disrupt.

16.    Disrupt issued legal notices to Chudasama demanding recovery of loan amounts extended to him and for compensation of approximately $480,000 related to the eight clients Chudasama took from Disrupt.

17.    Disrupt also raised serious concerns regarding his conduct as CEO, including misuse and diversion of confidential client information.

18.    The parties initiated settlement discussions wherein Chudasama admitted to having taken the Disrupt clients.

19.    After negotiations broke down, Chudasama and Yogeshwari Chudasama commenced the Indian Litigation and Yogeshwari Chudasama, who still serves as Director for Disrupt, has threatened additional litigation in an apparent effort to gain leverage in the Indian Litigation.

20.    At this point, on or about December 10, 2024, Disrupt appointed Dubey as an

Additional Director to ensure smooth functioning of the Board.

21.    Shortly thereafter, on information and belief, Chudasama, posing as the Indian court, sent an email to Helena's investors (and possibly others) with the clear intent to expose Dubey (and Sengupta) to public contempt, ridicule, aversion or disgrace, or induce an evil opinion of her.

**B.  The February 20, 2026 Email**

22.    Beginning almost immediately on February 20, 2026, investors in Helena started reaching out to management about an email they received, purportedly from the Indian court, which, among other things, warned the recipients that their investments may have been made based on financial statements that were manipulated and inflated by Dubey and Sengupta.

23.    Specifically, the Helena investors complained they had received the February 20th, 2026 Email, which states:

> **From:** NCLT Info7 <ncltinfo10@gmail.com>
> **Sent:** Friday, February 20, 2026 2:07:58 am
> **To:** NCLT Info7 <ncltinfo10@gmail.com>
> **Subject:** CASE FILED NCLT : Mr. Sengupta & Mrs. Eela Dubey
> IMPORTANT Note: **PLEASE DO NOT IGNORE**
>
> Dear Sir/Madam,
>
> I am writing to apprise you of certain significant developments concerning the founders of the company in which you have invested.
>
> A shareholder of Disrupt Consulting Pvt. Ltd., has instituted proceedings under sections 241–242 of the Companies Act, 2013, against Disrupt Consulting, **Mr. Arindam Sengupta, Ms. Eela Dubey** and others, alleging oppression and mismanagement.
>
> **Case Filling Number: 2401105/03277/2025**

5

The Hon'ble National Company Law Tribunal, Ahmedabad Bench, issued notice in the matter on 22.01.2026, and the next hearing is scheduled for 02.04.2026. The matter is presently sub judice. The reliefs sought include, inter alia, a declaration that certain meetings are invalid, a valuation exercise, and a forensic audit.

You are advised to closely monitor the progress and outcome of these proceedings, as they pertain to the company in which you have invested and to the financial statements on the basis of which your investment decision was made, which are alleged to have been significantly manipulated and inflated.

Yours sincerely,

24. Obviously, the Indian court would never send this email out under any circumstances, but certainly not to random investors in a company not even involved in their litigation, suggesting fiscal improprieties of individuals associated with one party to this recently filed litigation.

25. With respect to Disrupt, there are no other shareholders beyond the Parties to the Indian litigation and Dubey's husband, so there would be no purpose in sending the February 20, 2026 Email other than to defame Dubey and Sengupta.

26. The February 20, 2026 Email also came to the attention of Disrupt and Helena employees and, on information and belief, Disrupt and Helena clients, and has already caused substantial reputational damage to Dubey.

### First Cause of Action - Defamation

27. Plaintiff incorporates by reference the foregoing allegations as though fully set forth herein.

28. On or around February 20, 2026, on information and belief, Chudasama, posing as

the Indian Court, falsely communicated to third parties, including investors in Helena, that Dubey had manipulated and inflated financial statements on which these investors had based their decision to invest in Helena.

29.     During this same timeframe, on information and belief, Chudasama began soliciting the purchase of equity interests from Helena investors.

30.     These false statements constitute defamation per se because the statements "ha[d] a tendency to hurt and to prejudice the plaintiff's business." *Jack Braunstein, Inc. v. Oleg Cassini, Inc.*, 20 Misc. 2d 291, 195 N.Y.S.2d 671 (N.Y. Sup. Ct. 1959); *see also Angio-Medical Corp. v. Eli Lilly & Co.*, 720 F.Supp. 269, 272 (S.D.N.Y.1989).

31.     These false statements were with actual malice or reckless disregard for the truth.

32.     These statements subjected Dubey to public contempt, hatred, ridicule, aversion, or disgrace.

33.     Chudasama did not have privilege or authorization to make these statements.

34.     As a result of these defamatory statements, Dubey has suffered and continues to suffer damages.

## **PRAYER FOR RELIEF**

Eela Dubey respectfully requests that judgment be entered as follows:

i.     Awarding Plaintiff compensatory damages, in an amount to be determined after trial, plus pre- and post-judgment interest to the extent permitted under New York law, but in an amount in excess of the jurisdictional limit of this Court; and;

ii.  Award Plaintiff punitive damages in an amount to be determined after trial; and

iii.  Award any further relief his Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable.

Dated: New Yor, New York
   April 24, 2026

         LAZARE POTTER GLAZER & MOYLE LLP

         By:  /s/ Michael T. Conway
           Michael T. Conway (ct26750)
         747 Third Avenue, 16th Floor
         New York, NY 10017
         Telephone: (917) 242-1597
         mconway@lpgmlaw.com

         *Counsel for Eela Dubey*

8